JOHN R. SHUMAN (State Bar No. 100236)
HOPE ANNE CASE (State Bar No.157089)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendants
SUMMIT DESIGN, INC.
and CHARLES HALE

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

EMIL GIRCZYC,

                    Plaintiff,

          v.

SUMMIT DESIGN, INC. a corporation,
CHARLES HALE, an individual, DOE
ONE through DOE FIFTY, inclusive,

                    Defendants.

CASE NO. 107CV084178

**NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

Complaint Filed: April 18, 2007

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA:

          Attached hereto is a true and correct copy of the Notice of Removal of the above-entitled action, the original of which was filed with the United States District Court for the Northern District of California, San Jose Division, on June 27, 2007.

          The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

Dated: June 27, 2007

                              DLA PIPER US LLP

                              By _____
                              HOPE ANNE CASE
                              Attorneys for Defendants
                              SUMMIT DESIGN, INC. and
                              CHARLES HALE

1  J. ROBERT SHUMAN, JR. (State Bar No. 100236)
   *john.shuman@dlapiper.com*
2  HOPE ANNE CASE (State Bar No. 157089)
   *hope.case@dlapiper.com*
3  **DLA PIPER US LLP**
   2000 University Avenue
4  East Palo Alto, CA  94303-2215
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  Attorneys for Defendants
   SUMMIT DESIGN, INC.
7  and CHARLES HALE

E-FILING

ORIGINAL FILED

JUN 27 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12  EMIL GIRCZYC,                          **C07  03372**

13              Plaintiff,                 (Santa Clara County Superior Court
                                           Case No. 107CV084178)
14        v.
                                           **NOTICE OF REMOVAL**
15  SUMMIT DESIGN, INC. a corporation,
    CHARLES HALE, an individual, DOE
16  ONE through DOE FIFTY, inclusive,

17              Defendants.

18

19  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
    THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF EMIL GIRCZYC AND**
20  **HIS ATTORNEY OF RECORD, RANDALL M. WIDMANN:**

21        **PLEASE TAKE NOTICE** that Defendants SUMMIT DESIGN, INC. and CHARLES

22  HALE (collectively "Defendants") hereby remove this action from the Superior Court of the State

23  of California for the County of Santa Clara to the United States District Court for the Northern

24  District of California, San Jose Division.  This removal is based on diversity of citizenship,

25  pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), for the reasons stated below:

26        1.      On or about April 18, 2007, Plaintiff Emil Girczyc ("Plaintiff") filed a Complaint

27  in the Superior Court of the State of California for the County of Santa Clara entitled:  *"Emil*

28  *Girczyc v. Summit Design, Inc. a corporation, Charles Hale, an individual, and Does One*

DLA PIPER US LLP
EAST PALO ALTO

PA 10506495.3                            -1-
365827-1

1  *through Does Fifty, inclusive,"* designated as Case No. 107CV084178 (the "Complaint"). A copy

2  of the Complaint is attached hereto as Exhibit 1.

3      2.    Defendant Charles Hale, Chairman of the Board of Summit Design, Inc., received

4  a copy of the Complaint via mail on May 29, 2007, together with a summons, a civil cover sheet

5  and a Civil Lawsuit Notice. A copy of the summons, civil cover sheet and Civil Lawsuit Notice

6  are attached hereto as Exhibit 2. Defendants have been served with no other process, pleadings or

7  orders in this action. Defendant Does 1 through 10 are unnamed and unknown, and, to

8  Defendants' knowledge, have not been served with Plaintiff's Summons and Complaint.

9      3.    Defendants filed and served their Answer to the Complaint (the "Answer") on

10  June 25, 2007. A copy of the Answer is attached hereto as Exhibit 3.

11      4.    In accordance with 28 U.S.C. section 1446(d), Defendants will, promptly after

12  filing this Notice of Removal (the "Notice"), give written notice of the filing of the Notice to

13  Plaintiff and the Clerk of the Santa Clara County Superior Court. Copies of those notices are

14  attached as Exhibits 4 and 5, respectively, hereto. Proof of service of the Notice to Superior

15  Court Clerk of Removal and of the Notice to Adverse Party of Removal will be filed with this

16  Court promptly thereafter.

17                                    **I.**

18                **REMOVAL IS BASED ON DIVERSITY JURISDICTION**

19      5.    This action is one of which this Court has original jurisdiction under 28 U.S.C.

20  section 1332, and is one that may be properly removed to this Court on the basis of diversity of

21  citizenship jurisdiction, in that it is a civil action between citizens of different states, none of the

22  named defendants is a citizen of California, and the matter in controversy exceeds the sum of

23  $75,000, exclusive of interest and costs, as more fully explained below. 28 U.S.C. § 1441(a) and

24  (b).

25      6.    Defendants are informed and believe, and on that basis allege, that Plaintiff is now,

26  and was at the time this action was commenced, a citizen of the State of California within the

27  meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was

28  within the State of California. (See Complaint, Exhibit A.)

DLA PIPER US LLP
EAST PALO ALTO

PA\10506495.3
365827-1

-2-

1    7.    Defendant Summit Design, Inc. is now, and was at the time this action was

2  commenced, a citizen of the state of Delaware and of the Commonwealth of Massachusetts within

3  the meaning of 28 U.S.C. section 1332(c)(1), because it is now, and was at all material times,

4  incorporated under the laws of the State of Delaware, and maintains, and at all material times has

5  maintained, its principal place of business in the Commonwealth of Massachusetts.

6    8.    Defendant Charles Hale is now, and was at the time this action was commenced, a

7  citizen of the State of New York within the meaning of 28 U.S.C. section 1332(a), because his

8  place of residence and domicile is and was within the state of New York.  Thus, neither of the

9  named Defendants is a citizen of the state in which the action was filed.

10    9.    The presence of the Doe defendants has no bearing on diversity with respect to

11  removal.  See 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship

12  of defendants sued under fictitious names shall be disregarded.").

13    10.    The Complaint seeks six months of severance pay, unspecified bonus monies,

14  stock option vesting and health, medical and dental benefits, together with penalties under the

15  California Labor Code, interest, punitive damages and an unspecified amount of attorneys' fees.

16  Plaintiff has attached to the Complaint, and references in support of his claims, an exhibit

17  consisting of a letter addressed to his California home, containing provisions for continued

18  payment of Plaintiff's base salary as severance pay in certain circumstances for a period of

19  between 180 days and one year (Exhibit "A").  Exhibit A identifies Plaintiff's annual base salary

20  as $200,000.  Consequently, the severance pay alone sought by Plaintiff amounts to a minimum

21  of approximately $100,000.  Based on the damages sought, Plaintiff has placed in controversy an

22  amount exceeding $75,000, exclusive of costs and interest.

23    11.    Because Plaintiff and Defendants are citizens of different states, there is complete

24  diversity between the parties.  Because there is complete diversity, none of the named defendants

25  is a citizen of California, and the amount in controversy threshold is met, the requirements for

26  removal under 28 U.S.C. sections 1332(a) and 1441(a) and (b) are satisfied.

27    12.    Removal is timely, under the terms of 28 U.S.C. section 1446(b), inasmuch as this

28  notice is being filed within 30 days after Defendant Charles Hale's receipt of the Complaint.

## II.

## INTRADISTRICT ASSIGNMENT

13.    Assignment to the San Jose Division is proper because the state action filed by Plaintiff is pending in the Superior Court of the County of Santa Clara. 28 U.S.C. § 1446(a);Civil L.R. 3-2(e).

## III.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

14.    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

15.    Counsel for Defendants hereby certify, pursuant to 28 U.S.C. section 1446(a), that this Notice of Removal filed on behalf of Defendants is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated: June 26 , 2007                DLA PIPER US LLP

By _____
HOPE ANNE CASE
Attorneys for Defendants
SUMMIT DESIGN, INC. and
CHARLES HALE

# EXHIBIT 1

May 18 07 11:16a                                                                              p.9

Law Offices of
RANDALL M. WIDMANN
RANDALL M. WIDMANN, St. #73154
2479 E. Bayshore Rd., Suite 703
Palo Alto, California 94303
(650)424-8400

Attorney for Plaintiff,
EMIL GIRCZYC

**ENDORSED**

2001 APR 18 P 12: 47

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| EMIL GIRCZYC,<br><br>    Plaintiff,<br><br>vs.<br><br>SUMMIT DESIGN, INC. a corporation, CHARLES HALE, an individual, DOE ONE through DOE FIFTY, inclusive,<br><br>    Defendants. | Case No. 107CV084178<br><br>COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, STATUTORY VIOLATIONS, AND FOR DAMAGES AND PENALTIES |

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff is informed and believes and thereon alleges that Defendant, SUMMIT DESIGNS, INC. [SUMMIT], is, and at all times herein mentioned was, a corporation authorized to do and doing business in the State of California in the County of Santa Clara.

2. Defendant, CHARLES HALE [HALE] is and at all times mentioned here was, the Chairman of the Board of Defendant, SUMMIT, and Plaintiff's immediate supervisor.

3. Unless otherwise noted herein, each of the Defendants herein was the agent or employee of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the course and scope of said agency or employment.

COMPLAINT

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOE ONE through FIFTY, inclusive, are unknown to Plaintiff who, therefore, sues such Defendants by such fictitious names, and who will amend this Complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants is responsible in some manner for the events and happenings herein referred to and thereby proximately caused the injuries and damages to Plaintiff as herein alleged.

### FIRST CAUSE OF ACTION
(Breach of Contract)
*[SUMMIT Only]*

5. Plaintiff refers to paragraphs 1 through 4 set forth hereinabove and incorporates them herein by reference as though fully set forth again herein.

6. On December 1, 2004, Plaintiff and Defendant, SUMMIT, entered into a written employment agreement, a copy of which is attached hereto and marked Exhibit A. As set forth in the agreement, Plaintiff was to receive severance pay, vesting of stock options and continued health, medical, dental and other benefits upon termination of employment.

7. Plaintiff's position was eliminated when, on October 20, 2006, SUMMIT began voluntary dissolution proceedings effectively terminating Plaintiff's employment. To assist with the dissolution process, Plaintiff offered to spend a few hours every week assisting the company and use up his vacation time in order to continue to earn an amount equal to his full salary. When his vacation time was used up Plaintiff was to become a consultant at an hourly rate. Defendant, SUMMIT, agreed with Plaintiff that it would pay Plaintiff accordingly.

8. In January of 2007, when Plaintiff's vacation time had been used up, SUMMIT breached Plaintiff's written employment agreement, Exhibit A, by failing to pay Plaintiff the monies and benefits to which he was entitled.

COMPLAINT                                                                            2

9. Plaintiff performed all conditions, covenants and promises on his part to be performed in accordance with the terms and conditions of said contract.

10. As a direct and proximate result of said Defendant's breach of the aforesaid agreement, Plaintiff has suffered monetary damages including loss of severance pay, stock and stock options and loss of the benefits he had been promised he would receive in an amount not yet fully known but subject to proof at time of trial.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

## SECOND CAUSE OF ACTION
(Bad Faith - Breach of Implied Covenant)
*[SUMMIT Only]*

11. Plaintiff refers to paragraphs 1 through 4, **Allegations Common to All Causes of Action**, and paragraphs 6 through 10 of his **First Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

12. There arose as part of Plaintiff's agreement with Defendant, SUMMIT, an implied covenant of good faith and fair dealing whereby said Defendant was to act in good faith and in the most reasonable manner toward Plaintiff in order to ensure that Plaintiff would receive all of the stock, monies, severance pay, and benefits to which he was entitled.

13. Defendant, SUMMIT, breached its duty of good faith and fair dealing owed to Plaintiff by claiming that Plaintiff had not been terminated, was to receive his full pay in violation of Plaintiff's fiduciary duties to SUMMIT'S shareholders and that Plaintiff was not entitled to his severance pay and other benefits as set forth in Exhibit A because Plaintiff had received a retention bonus pursuant to a separate agreement between Plaintiff and SUMMIT despite the fact that said agreement expressly excluded severance pay and other benefits.

14. As a direct and proximate result of said Defendant's breach of the aforesaid agreement, Plaintiff has suffered monetary damages including loss of severance pay, stock, and stock options,

COMPLAINT                                                                        2

and loss of other benefits in an amount not yet fully known but subject to proof at time of trial.

WHEREFORE Plaintiff prays judgment as hereinafter set forth;

### THIRD CAUSE OF ACTION
(Violation of Labor Code)
*[SUMMIT Only]*

15. Plaintiff refers to paragraphs 1 through 4, **Allegations Common to All Causes of Action**, paragraphs 6 through 10 of his **First Cause of Action** and paragraphs 12 through 14 of his **Second Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

16. Defendant, SUMMIT's, failure to pay Plaintiff the severance pay and other wages when due constituted a violation of sections 201, 202 , 203, and 216 of the California Labor Code.

17. Although Plaintiff has demanded payment, Defendant, SUMMIT, has refused and continues to refuse to pay Plaintiff his wages which constitutes violation of section 201, 202, 203 and 216 of the California Labor Code for failure to timely pay Plaintiff.

18. As a direct and proximate result of said Defendant's violation of the California Labor Code, Plaintiff has suffered monetary damages including loss of wages in an amount not yet fully known but subject to proof at time of trial.

19. Pursuant to sections 203, 218.5 and 218.6 of the California Labor Code, Plaintiff is entitled to a statutory penalty, statutory attorneys' fees for having to bring an action to recover his wages pursuant to this Cause of Action and interest at the legal rate from the date the wages were due.

20. The actions of Defendant, SUMMIT, were done wilfully, fraudulently, maliciously, oppressively, and in conscious disregard of Plaintiff's rights and with the intent to vex, annoy, harass, and injure Plaintiff, and Plaintiff is, therefore, entitled to recover exemplary and punitive damages

COMPLAINT                                                                          4

from said Defendant in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

## FOURTH CAUSE OF ACTION
### (Anticipatory Breach of Written Contract)
### [SUMMIT Only]

21. Plaintiff refers to paragraphs 1 through 4, **Allegations Common to All Causes of Action,** 5 through 10 of his **First Cause of Action**, and paragraphs 12 through14 of his **Second Cause of Action**, and 16 through 19 of his **Third Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

22. On or about May 22, 2006, SUMMIT asked Plaintiff and other key employees to enter into a retention bonus agreement whereby said employees would remain employees of SUMMIT while the company looked for a suitable purchaser in exchange for a bonus to be paid the employees upon the happening of specified events. Plaintiff entered into the agreement a copy of which is attached hereto and marked Exhibit B. A certain amount of the bonus monies were to be held pending completion of the dissolution process.

23. By taking the actions set forth herein above, Defendant, SUMMIT, has repudiated the agreement, Exhibit B, and its duty to pay Plaintiff the monies being held back.

24. Plaintiff performed all conditions, covenants and promises on his part to be performed in accordance with the terms and conditions of said contract.

25. As a direct and proximate result of Defendant not performing its promises as aforesaid, Plaintiff has been damaged by virtue of loss of his wages in the form of the bonus monies being held back all in an amount subject to proof at time of trial herein.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

COMPLAINT                                                                                              5

## FIFTH CAUSE OF ACTION
(Violation of Labor Code)
*[SUMMIT and HALE ]*

26. Plaintiff refers to paragraphs 1 through 4, **Allegations Common to All Causes of Action,** 6 through 10 of his **First Cause of Action**, and paragraphs 12 through14 of his **Second Cause of Action**, and 16 through 19 of his **Third Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

27. When Plaintiff insisted that he be paid his wages in the form of his severance pay and other benefits set forth in his employment agreement, Exhibit A, Defendants, SUMMIT and HALE, variously claimed:

A. That Plaintiff was still employed and should continue to draw his full salary knowing that it would be a fraud upon the shareholders of SUMMIT and a breach of Plaintiff's fiduciary duties to do so;

B. That Plaintiff was required to dissolve that company while knowing that such duties were not part of his employment agreement with Defendant, SUMMIT, and Plaintiff did not have the requisite background, training and education to resolve dissolution issues and that they had secretively retained another person to handle the dissolution;

C. That because Plaintiff received a bonus under a separate agreement with SUMMIT, he was not entitled to receive his severance payment and other benefits under his employment agreement;

D. That despite the dissolution of the company and the elimination of Plaintiff's position, Plaintiff was still an employee and was required to work for SUMMIT;

E. That Plaintiff had resigned his position and that, therefore, he was not entitled to his severance pay and other benefits pursuant to his employment agreement.

COMPLAINT                                                                    6

28. Plaintiff is informed and believes and thereon alleges that said Defendants' actions and words were undertaken and spoken by them in order to falsely deny the amount and/or the validity of Plaintiff's claim for wages and that they are due, and/or in an effort to secure for SUMMIT a discount upon such indebtedness or with the intent to annoy, harass, oppress, hinder, delay and defraud Plaintiff in violation of Labor Code Section 216.

29. As a direct and proximate result of said Defendants' actions Plaintiff has:

A. Been damaged in an amount equal to the monies, interest, bonuses, and benefits he would have received had SUMMIT honored its agreement with Plaintiff;

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

30. The actions of said Defendants were done wilfully, with malice, oppression, and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy, and harass Plaintiff, and Plaintiff is, thereby, entitled to exemplary and punitive damages from said Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

## FIRST AND SECOND CAUSES OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;

2. Prejudgment interest on damages at the legal rate;

3. Costs of suit incurred herein;

4. Such other and further relief as the Court may award.

## THIRD CAUSE OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;

2. Statutory penalties and interest;

3. Punitive damages according to proof;

COMPLAINT

7

7. Such other and further relief as the Court may award.

## FOURTH CAUSE OF ACTION

1. Compensatory, special and general damages according to proof;

2. Prejudgment interest;

3. Costs of suit incurred herein;

4. Such other and further relief as the Court may award.

## FIFTH CAUSE OF ACTION

1. Compensatory, special and general damages according to proof;

2. Punitive damages according to proof;

3. Prejudgment interest;

4. Statutory attorneys' fees;

5. Costs of suit incurred herein;

6. Such other and further relief as the Court may award.

DATED: 4/13/07

LAW OFFICES OF RANDALL M. WIDMANN

By
Randall M. Widmann
Attorney for Plaintiff

COMPLAINT

8

**EXHIBIT A**

May 18 07 11:19a

p. 17

FROM : GIRCZYC          FAX NO. : 6509483420          Dec. 08 2004 05:50PM P2



1 December 2004

Mr. Emil Girczyc
177 S. Gordon Way
Los Altos, CA 94022

Dear Emil:

Summit Design, Inc. ("Summit" or the "Company") is very pleased to offer you a position as President and Chief Executive Officer of the Company, and as a member of the Company's Board of Directors. On behalf of the Company and its Board of Directors, I am delighted to welcome you and look forward to working with you.

Your position would be full time, with an annual base salary of $200,000. Subject to the Company's attainment of specified performance goals, as determined for any fiscal year by the Compensation Committee of the Board of Directors of Summit, the target for this annual bonus will be $150,000 for 100% attainment of goals and will cap at $200,000 for achieving 120% or greater of specified performance goals.

You would also be granted an option to purchase a number of shares equal to eight percent of the fully diluted shares of common stock of the Company at an aggregate exercise price of $950,000. Initial vesting will occur as of the last day of the sixth (6th) calendar month of employment at which time 12.5% or 6/48 of the shares subject to the option will vest and become exercisable. As of the last day of each calendar month for an additional 42 months one forty-eighth (1/48) of the remaining shares subject to the option will vest and become exercisable, provided that you are on each relevant date, and at all times since the date of grant of the option have been, in the employment of the Company or one of its affiliates. The option will be subject to the terms and conditions applicable to options granted under the Company's stock incentive plan, as described in the plan and the award agreement evidencing the grant of your option.

Provided you shall still be an employee of the Company, should the Company enter into a bona fide binding term sheet for the acquisition of the stock or assets of the Company within 24 months of your commencement of employment that results in 1) a completed sale of the Company within 180 days of the end of such 24-month period and 2) a return to the holders of the common stock on a per share basis greater than five times the per share exercise price of the stock options granted to you, Summit will pay you an additional bonus equal to 2.5% of the aggregate consideration paid to holders of the common stock in excess of five times such per share exercise price ("Home-run Provision").

In the event that the Company were to experience a change of control where a single party holds more than 50% of the outstanding equity interests in the company, or there is a merger or acquisition in which the shareholders of the Company immediately prior to the merger hold less than 50% of the equity in the resulting entity, (a "Change in Control"), your entire stock option would immediately vest in full and you would be entitled to exercise any remaining unexercised portion of your stock option. Notwithstanding the foregoing, in the event that a Change in Control involves the acquisition of more than 50% of the equity by a bona fide investor or group of investors, the unvested portion of your stock option will only accelerate and become exercisable if your employment is terminated without cause or otherwise eliminated within one year of the

>> Summit Design, Inc. 35 Corporate Drive, Burlington, MA, 01803 USA, Tel + 781-685-4954 Fax + 781-685-4801

www.sd.com



Change in Control. This stock option is not a promise of compensation and is not intended to create any employment obligation on the part of the Company.

As an employee of Summit, you would also be eligible to participate in several Company-sponsored benefits on the same basis as such benefits are available to other senior executives of the Company. You will receive three weeks of paid vacation per year.

This offer contemplates an at-will employment relationship, which can be terminated by you or by Summit for any reason, with or without cause or notice. In the event that your employment is terminated without cause, you will be entitled to receive:

(i)     salary earned but not paid to you prior to the effective date of the termination, plus all other amounts to which you are entitled as of the date of termination under any compensation or benefit plan of the Company;

(ii)    severance pay for an initial term of twelve months and decreasing by one month with the last day of each month following date of hire until the sixth-month after which severance pay will fix at 180 days following the date of the termination, at a rate equal to your base salary in effect immediately prior to your termination, paid in accordance with the Company's standard payroll practices;

(iii)   continued eligibility for accelerated vesting as defined above for a bona fide binding term sheet for the acquisition of the stock or assets of the Company received during a period of 240 days from the date of termination that results in a completed sale of the Company within 240 days of the end of such 240-day period and the right to exercise options during such period; and

(iv)    all health, medical and dental benefit plans of the Company for which you were eligible immediately prior to such termination, or comparable coverage, for 90 days following the effective date of the termination, or, if sooner, until comparable health insurance coverage is available to you in connection with subsequent employment or self-employment.

As used herein, "cause" means

(i)     any willful and material act of personal dishonesty taken by you in connection with your responsibilities as Chief Executive Officer which (a) results in your substantial personal enrichment or (b) material damage to the financial results, assets or reputation of Company or its subsidiaries;

(ii)    your conviction of any crime involving moral turpitude;

(iii)   any act of fraud, embezzlement or other misconduct that materially damages financial results, assets or reputation of Company or its subsidiaries;

(iv)    any failure to follow the legal directives of the Board, including the written policies and procedures of the Board, (other than failure to meet performance goals, objectives or measures), that a) results in material damage to the financial results, assets or reputation of the Company or its subsidiaries or b) continues for seven (7) days following receipt of written notice thereof to you by the Board, such notice to state with specificity the nature of the failure.

Summit Design, Inc. 35 Corporate Drive, Burlington, MA, 01803 USA. Tel + 781-685-4964 Fax + 781-685-4801

www.sd.com

FROM : GIRCZYC                          FAX NO. : 6509483420            Dec. 08 2004 05:53PM P4



Your employment is also contingent upon (1) your executing the Company's standard form of non-disclosure and proprietary inventions agreement, and (2) your providing the legally required proof of identity and eligibility to work in the United States.

To confirm your acceptance of this offer, please sign and date one copy of this letter and return it to me. Sign and retain the other copy for your records. This letter, along with the other agreements referred to above, set out the terms of your employment relationship with Summit. This agreement supersedes any prior representations or agreements between you and Summit, whether written or oral.

Congratulations on joining Summit. We all look forward to working with you.

Very truly yours,

By: Charles C. Hale
Chairman

Accepted: _____    12/1/04

Start date: 12/1/04

May 18 07 11:22a

P.20

**EXHIBIT B**

May 18 07 11:22a

p.21

May 25 06 09:25a

p.1

## SUMMIT DESIGN TECHNOLOGIES, INC.
## EXECUTIVE RETENTION BONUS PLAN

Summit Design Technologies, Inc., a Delaware corporation (the "**Company**"), hereby adopts this Summit Design Technologies, Inc. Retention Bonus Plan as of May 22, 2006 (the "**Effective Date**").

### SECTION 1 – PURPOSE AND NATURE

1.1    **Purpose.** The Company anticipates that it may sell all or substantially all of its business to another entity or person, through either a sale of the Company's assets or a sale of the Company's outstanding shares by the Company's stockholders. This Plan's purpose is to provide an incentive to key Company employees to contribute to the Company's business prior to such a sale. There is no guarantee that a sale will occur, but if it does, this Plan will enable Participants to be rewarded for their contributions in effecting such a sale.

1.2    **Plan Benefits Unfunded.** Any Company liability to pay a Bonus Amount shall stem solely from this Plan's terms and shall be subject to this Plan's terms and conditions. A Participant's interest in Plan benefits shall be an unsecured claim against the Company's general assets. No Participant shall have any interest in any fund or in any specific Company asset by reason of this Plan benefits. Accordingly, Plan benefits are not secured by any trust, pledge, lien or encumbrance on any Company property or on the assets of any benefit trust. The Company intends that this Plan be unfunded for tax purposes and for purposes of Title I of Employee Retirement Income Security Act of 1974, as amended, if applicable.

1.3    **Plan Not Employment Contract.** This Plan shall not give any Participant a right to remain in the Company's employ or affect the Company's right to terminate any Participant's employment at any time with or without cause.

### SECTION 2  -  DEFINED TERMS

The following definitions shall govern this Plan:

2.1    "**Aggregate Acquisition Consideration**" means (i) the net proceeds derived from consideration received as a result of the Liquidation Event and payable or distributable, as applicable, to the stockholders, option holders and warrant holders in respect of their respective vested equity interests in the Company (with vesting measured as of the Closing Date of a Liquidation Event), including all contingent consideration, such as consideration subject to an escrow agreement or subject to indemnity claims ("**Contingent Consideration**"), plus, in the case of an asset acquisition, (ii) the Indebtedness assumed by the acquirer, less , in the case of an asset acquisition, (iii) the Current Assets acquired by the acquirer. To the extent the Company's option holders and warrant holders receive replacement options or warrants in connection with the Liquidation Event, the fair market value of such replacement options and warrants for purposes under this Plan shall equal the fair market value (as of the closing of the Liquidation Event) of the vested securities issuable upon full exercise and/or conversion of such options and warrants less the aggregate exercise price required to exercise such vested options and warrants.

2.2    "**Board**" means the Company's Board of Directors.

2.3    "**Bonus Amount**" means the portion of the Bonus Fund payable to a Participant as provided under this Plan under Section 4.2.

2.4    "**Bonus Fund**" means the amount which has been designated by the Company for payment under this Plan under Section 4.1.

2.5    "**Common Stock**" means common stock of the Company issued to Participant under option plans of the Company.

2.6    "**Closing Date**" means the date on which the closing of the Liquidation Event is determined pursuant to the agreements providing for such event.

2.7    "**Current Assets**" means all amounts that should, in accordance with GAAP, be included as current assets on a balance sheet of the Company.

2.8    "GAAP" means generally accepted accounting principles as from time to time set forth in the opinions of the Accounting Principles Board of the American Institute of Certified Public Accountants and in statements by the Financial Accounting Standards Board or in such opinions and statements of such other entities as shall be approved by a significant segment of the accounting profession in the United States.

2.9    "**Indebtedness**" all amounts that should, in accordance with GAAP, be included as liabilities on a balance sheet of the Company.

2.10    "Liquidation Event" means a transaction or a series of related transactions which results in:

        (i)    the sale, exchange, lease, transfer or other conveyance of all or substantially all of the Company's assets other than to a subsidiary or an affiliate of the Company; or

        (ii)    the closing of a merger, consolidation or reorganization of the Company with another entity or corporation in which the Company's stockholders prior to the transaction directly or indirectly hold less than 50% of the voting stock of the surviving entity or corporation following such transaction.

2.11    "**Participant**" means those individuals who are (a) eligible to participate in this Plan under Section 3 and (b) designated by the Plan Administrator.

2.12    "**Participant Acquisition Consideration**" means with respect to a Participant the amount equal to the sum of (i) the fair market value of the portion of the Aggregate Acquisition Consideration payable or distributable to such Participant in respect of (a) the shares of Common Stock or Preferred Stock held by Participant and (b) the vested options to purchase shares of Common Stock then held by such Participant less the aggregate exercise price that such Participant would have to pay to purchase such shares of Common Stock, and (ii) the aggregate

EG0089

amount of extraordinary compensation that such Participant is entitled to receive in connection with the Liquidation Event, including, without limitation, noncompete payments and bonuses (other than the bonuses hereunder) that are payable in connection with the Liquidation Event, and including payments to be made after the Closing Date, but excluding (i) accrued vacation pay, and (ii) severance payments that have accrued or are due by operation of law.

    2.13   "Payment Trigger Date" means the Closing Date.

    2.14   "Plan" means this Summit Design Technologies, Inc. Retention Bonus Plan.

    2.15   "Plan Administrator" means the Board.

    2.16   "Preferred Stock" means preferred stock of the Company owned by a Participant.

## SECTION 3 - ELIGIBILITY

Subject to Section 4.2 below, an individual shall be eligible to participate in this Plan if he or she is an employee of the Company in good standing on the Closing Date and is listed on Schedule A hereto.

## SECTION 4 - AWARDS UNDER THIS PLAN

    4.1   **Bonus Fund.** The Bonus Fund shall be the amount specified in Attachment B, and each Participant's Bonus Amount shall be determined as specified in Attachment B. Each Participant's Bonus Amount shall be reduced by the amount equal to such Participant's Participant Acquisition Consideration. Consequently, if a Participant's Participant Acquisition Consideration equals or exceeds the amount of the Bonus Amount to which the Participant would be entitled if the Participant had no Participant Acquisition Consideration, then no amounts shall be paid to such Participant under this Plan. Any amounts set aside for payment under this Plan but not payable for any reason, including a reduction under this Section 4.1, shall be reallocated to the Company (in the case of an asset sale) or the Company's stockholders (in the case of any other Liquidation Event). The Bonus Fund (and any Bonus Amount actually payable to a Participant) shall consist of the same types of consideration (cash, stock, etc.) in the same proportion as these are payable generally to stockholders in the Liquidation Event.

    4.2   **Bonus Amount.** Effective as of the Payment Trigger Date, a Participant shall be entitled to receive the Bonus Amount, less the Participant Acquisition Consideration of such Participant.

    4.3   **Benefits Subject to Forfeiture.** Termination of a Participant's employment with the Company (a) either by the Company for any reason, including without cause, or Participant's death or permanent disability or (b) by Participant for any reason, prior to the Closing Date, terminates such Participant's rights to any payments of Bonus Amount. Additionally, a Participant may voluntarily forfeit any right to payments of Bonus Amount by delivery of written notice of such forfeiture to the Company.

## SECTION 5 - PAYMENTS UNDER THIS PLAN

5.1     **Payment Schedule.** Payments of Bonus Amounts under this Plan shall be made to the Participants on the Payment Trigger Date; provided, however, to the extent the Aggregate Acquisition Consideration consists of Contingent Consideration, Bonus Amounts shall similarly be subject to an escrow or holdback and shall be reduced proportionally to cover indemnity claims.

5.2     **Tax Withholding.** Payments under this Plan are subject to applicable federal and state withholding taxes, Social Security and similar charges and Company shall deduct the amount thereof from any payments required hereunder and Company will make any payments required hereunder to the appropriate tax authority. Notwithstanding the foregoing, Participants remain responsible for the payment of any and all taxes applicable to income a Participant may receive or be deemed to have received hereunder.

5.3     **Parachute Payments.** To the extent that any of the payments and benefits to be provided to a Participant pursuant to this Plan constitutes an "excess parachute payment" within the meaning of Section 280G of the Internal Revenue Code of 1986, as amended (the "Code"), and, but for this section, would subject Participant to the excise tax imposed by Section 4999 of the Code or any similar or successor provision, Participant may determine the amount of reduction required, if any, to provide the best after-tax result for Participant. Any such excise tax imposed shall be solely the affected Participant's responsibility.

5.4     **Payment Obligation.** Bonus Amounts shall be paid by the Company except where an acquirer or other successor agrees to assume the Company's obligation under this Plan.

## SECTION 6 - ADMINISTRATION

6.1     **Plan Administration.** The Plan Administrator has full discretionary authority to administer and interpret this Plan, including discretionary authority to determine Participants' Bonus Amounts.

6.2     **Decisions of the Plan Administrator.** Decisions of the Plan Administrator made in good faith upon any matter within the scope of its authority shall be final, conclusive and binding upon all persons, including Participants and their legal representatives.

## SECTION 7 - AMENDMENT AND TERMINATION

7.1     **Plan Amendment.** The Board may amend any term or condition of this Plan.

7.2     **Plan Termination.** The Company reserves the right to terminate this Plan in its entirety at any time by action of the Board. This Plan will terminate automatically upon the closing of the Company's initial public offering of shares of the Common Stock of the Company pursuant to a registration statement filed under the Securities Act of 1933, as amended.

EG0091

## SECTION 8 - MISCELLANEOUS

**8.1     No Liability.** No member of the Board and no officer, employee or agent of, or advisor to, the Company shall be liable to any person for any action taken or omitted in connection with the administration of this Plan unless attributable to such person's own fraud or willful misconduct; nor shall the Company be liable to any person for any such action unless attributable to fraud or willful misconduct on the part of a director, officer, employee of, or advisor to, the Company.

**8.2     No Trust.** Nothing contained in this Plan and no action taken pursuant to the provisions of this Plan shall create or be construed to create a trust of any kind. No property that the Company may acquire or invest in in connection with this Plan shall be deemed to be security for the obligations to Participants, but shall be, and continue for all purposes to be, a part of the Company's general funds. The Participants' right to receive payment from the Company under this Plan shall be no greater than the right of any unsecured general creditor.

**8.3     Plan Benefits Not Assignable.** A Participant's rights to Plan benefits are not subject to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, attachment or garnishment by such Participant's creditors, and any attempt to assign, pledge or encumber that interest shall be void. To the extent requested by the Company, each Participant and his or her spouse shall acknowledge in writing that this Plan benefits are non-transferable, including in the event of death or marital separation.

**8.4     Plan Term.** The term of this Plan shall commence on the Effective Date and terminate on November 30, 2006 (the "**Termination Date**"). If a Liquidation Event has not occurred on or before the Termination Date, this Plan shall terminate and the Participants shall not have any rights hereunder with respect to the Bonus Fund.

**8.5     Successors; Acquisitions; Mergers; Consolidation.** This Plan's terms and conditions shall inure to the benefit of and bind the Company and the Participants, and their successors, assigns and personal representatives.

**8.6     Entire Agreement.** This Plan constitutes the entire understanding and agreement with respect to the subject matter contained herein, and there are no agreements, understandings, restrictions, representations or warranties among any Participant and the Company other than those as set forth or provided for herein.

**8.7     Governing Law.** This Plan constitutes an agreement which shall be governed by and construed in accordance with the laws of the State of California, without giving effect to conflicts of law principles.

**[remainder of page intentionally left blank]**

\\pa1\hughes\05.21.06 Emil Ginczyc - SUMMIT DESIGN TECHNOLOGIES, INC. EXECUTIVE RETENTION PLAN.doc

EG0092

May 18 07 11:24a                                                    p.26

May 25 06 09:28a                                                    p.6

IN WITNESS WHEREOF, the parties have executed, delivered and entered into this Agreement as of the day and year first above written.

PARTICIPANT

EMIL GIRCZYC

SUMMIT DESIGN TECHNOLOGIES, INC.

By:

    Name:  Charles Hale
    Title:  Chairman of the Board

\\psi1\cright\P05.21 06 Emil Girczyc - SUMMIT DESIGN TECHNOLOGIES, INC. EXECUTIVE RETENTION PLAN.doc

EG0093

May 25 06 09:26a

p.7

## SCHEDULE A

### LIST OF PARTICIPANTS

Emil Girczyc

EG0094

SCHEDULE B

BONUS FUND AND BONUS AMOUNTS

Bonus Fund:  $600,000

Bonus Fund Minimum: $300,000

Bonus Amounts:

| Participant | | | Aggregate Acquisition Consideration | | | | |
|---|---|---|---|---|---|---|---|
| | | | $12,500,000 Or Less | $15,000,000 | $18,000,000 | $21,000,000 | $30,000,000 or More |
| Emil Girczye | | | $300,000 | $390,000 | $480,000 | $585,000 | $600,000 |

Note:    If the Aggregate Acquisition Consideration is between two of the prices listed in the Aggregate Acquisition Consideration columns (such prices the **"Aggregate Acquisition Consideration Brackets"**), then the Bonus Amount for a Participant shall be the sum of (i) the Bonus Amount designated for such Participant for the lower Aggregate Acquisition Consideration Bracket, and (ii) the amount determined by multiplying the amount by which the Bonus Amount for the higher Aggregate Acquisition Consideration exceeds the Bonus Amount for the lower Aggregate Acquisition Consideration Bracket by a fraction, the numerator of which is the amount by which the Aggregate Acquisition Consideration exceeds the lower Aggregate Acquisition Consideration Bracket, and the denominator of which is the difference between the lower Aggregate Acquisition Consideration Bracket and the higher Aggregate Acquisition Consideration Bracket.

The Bonus Amounts in the above table represent amounts payable before Participant Acquisition Consideration deductions.

EG0095

EXHIBIT 2

May 18 07 11:15a                                                                                           p.8

SUMMONS                                                                          **SUM-100**
**(CITACION JUDICIAL)**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
SUMMIT DESIGN, INC. a corporation,
CHARLES HALE, an individual, DOE ONE through DOE FIFTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
EMIL GIRCZYC

**ENDORSED**

2007 APR 18 P 12: 49

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
_____ DEPUTY CLERK

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA | CASE NUMBER:<br>*(Número del Caso):* 07CV084170 |
|---|---|

191 N. First Street                                                        San Jose, CA 95113
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RANDALL M. WIDMANN                                   LAW OFFICES OF RANDALL M. WIDMANN
2479 East Bayshore Road, Suite 703                   Palo Alto, CA 94303
(650) 424-8400

| DATE:<br>*(Fecha)* APR 1 8 2007 | Kiri Torre<br>Chief Executive Officer/Clerk | Clerk, by<br>*(Secretario)* _____ , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465

GIRCZYC, Emil

May 18 07 11:13a                                                                                              p.5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | | FOR COURT USE ONLY | CM-010 |

RANDALL M. WIDMANN
LAW OFFICES OF RANDALL M. WIDMANN          73154
2479 East Bayshore Road, Suite 703
Palo Alto, CA 94303
   TELEPHONE NO: (650) 424-8400     FAX NO: (650) 617-6888
ATTORNEY FOR *(Name)*: PLAINTIFF, EMILY GIRCZYC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
   STREET ADDRESS 191 N. First Street
   MAILING ADDRESS
   CITY AND ZIP CODE San Jose, CA 95113
   BRANCH NAME

CASE NAME: GIRCZYC v. SUMMIT DESIGN, INC.

**ENDORSED**

2007 APR 18 P 12: 47

THE TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____ 07CV084178

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | JUDGE: |
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | DEPT: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case ☐ is   ☒ is not   a class action suit.

Date: April 16, 2007

RANDALL M. WIDMANN
   *(TYPE OR PRINT NAME)*                          ►                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
Martin Dean's Essential Forms ™         **CIVIL CASE COVER SHEET**         Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

GIRCZYC, Emil

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Office Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Tax
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

GIRCZYC, Emil

May 18 07 11:12a                                                                    P.2

# CIVIL LAWSUIT NOTICE

Superior Court of California, County of Santa Clara          CASE NUMBER: *107040-473*
191 N. First St., San Jose, CA 95113

### READ THIS ENTIRE FORM

<u>PLAINTIFFS</u> (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

<u>DEFENDANTS</u> (the person(s) being sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2.  You must send  a copy of your written response to the plaintiff; and

3.  You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

<u>RULES AND FORMS</u>:  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

<u>CASE MANAGEMENT CONFERENCE (CMC)</u>:  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is:   Neal A Cabrinha                                    DEPT: 10

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date:  AUG 2 8 2007           Time: 3:45 PM  Dept: 10

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date:                        Time:           Dept.:

---

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR)</u>:  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

<u>WARNING</u>: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev 1/01/04                          CIVIL LAWSUIT NOTICE

# EXHIBIT 3

1  J. ROBERT SHUMAN, JR. (State Bar No. 100236)
   HOPE ANNE CASE (State Bar No. 157089)
2  **DLA PIPER US LLP**
   2000 University Avenue
3  East Palo Alto, CA  94303-2215
   Tel:  650.833.2000
4  Fax:  650.833.2001

5  Attorneys for Defendants
   SUMMIT DESIGN, INC.
6  and CHARLES HALE

JUN 25  07

KIRI TORRE
EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Zenzen

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10  EMIL GIRCZYC,                          CASE NO.  107CV084178

11              Plaintiff,                 **ANSWER TO COMPLAINT**

12       v.

13  SUMMIT DESIGN, INC. a corporation,
    CHARLES HALE, an individual, DOE       Complaint Filed:  April 18, 2007
14  ONE through DOE FIFTY, inclusive,

15              Defendants.

16

17       Defendants SUMMIT DESIGN, INC. and CHARLES HALE (collectively "Defendants")

18  answer the unverified Complaint ("Complaint") filed by EMIL GIRCZYC ("Plaintiff") as

19  follows:

20                           **GENERAL DENIAL**

21       Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally

22  deny each and every material allegation of the unverified Complaint and additionally deny that

23  Plaintiff is entitled to any relief against Defendants whatsoever.  In addition to this General

24  Denial, Defendants raise the following affirmative defenses:

25                        **AFFIRMATIVE DEFENSES**

26                     **FIRST AFFIRMATIVE DEFENSE**

27       **(Failure to State Facts Sufficient to Constitute a Cause of Action)**

28       1.     The Complaint, and each purported cause of action alleged therein, fails to state

DLA PIPER US LLP
EAST PALO ALTO     PA\10506487.1
                   365827-1                    -1-



                                                    ANSWER TO COMPLAINT

1  facts sufficient to constitute a cause of action against Defendants, or either of them.

2  ## SECOND AFFIRMATIVE DEFENSE

3  ### (Lack of Personal Jurisdiction)

4      2.       On information and belief, this Court lacks personal jurisdiction over defendant

5  Charles Hale.

6  ## THIRD AFFIRMATIVE DEFENSE

7  ### (Lack of Employment Relationship)

8      3.       Defendant Charles Hale was never the employer of Plaintiff and therefore is not

9  liable for any obligation that runs between an employer and its employee(s).

10  ## FOURTH AFFIRMATIVE DEFENSE

11  ### (Lack of Proximate Cause)

12      4.       On information and belief, the damages sustained by Plaintiff, if any, were the

13  result of actions or inactions of persons or entities other than Defendants, including Plaintiff, and

14  the acts, omissions or liabilities of such persons and entities were the sole proximate cause of the

15  damages claimed by Plaintiff in the Complaint, if any.

16  ## FIFTH AFFIRMATIVE DEFENSE

17  ### (Failure to Mitigate)

18      5.       On information and belief, Plaintiff failed to exercise due care and to take care and

19  action to mitigate his damages, if any, and thereby allowed further damages, if any, to occur.

20  Plaintiff had a duty to minimize his damages, if any, and is not entitled to recover any damages

21  that could reasonably have been avoided had due care been exercised in accordance with that

22  duty.

23  ## SIXTH AFFIRMATIVE DEFENSE

24  ### (Unclean Hands)

25      6.       On information and belief, the relief sought by Plaintiff is barred in whole or in

26  part by reason of Plaintiff's own conduct.

27  /// 

28  ///

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Offset)

3      7.      Although Defendants deny that they, or either of them, are liable to Plaintiff in any

4  amount, in the event that Plaintiff is awarded any sum of money in this action against Defendant

5  Summit Design, Inc., then such sum must be offset by sums for which Plaintiff is indebted to

6  Defendant Summit Design, Inc., together with interest, in an amount to be proven at trial.

7

## EIGHTH AFFIRMATIVE DEFENSE

8

### (Good Faith Dispute)

9      8.      To the extent that it is determined that Plaintiff is owed any wages by Defendants,

10  or either of them, which liability Defendants deny, waiting time penalties are not appropriate due

11  to the existence of a good faith dispute over such obligation.

12

## NINTH AFFIRMATIVE DEFENSE

13

### (Federal Preemption)

14      9.      Defendants are informed and believe, and on that basis allege, that the Complaint

15  or any cause of action therein which seeks damages for the alleged loss of pension, retirement,

16  severance or other employee benefits is preempted by federal law pursuant to the Employee

17  Retirement Income Security Act, 29 U.S.C. section 1001 *et seq.*

18

## TENTH AFFIRMATIVE DEFENSE

19

### (Excused Performance)

20      10.      On information and belief, to the extent, if any, that Defendant Summit Design,

21  Inc. did not perform a contractual obligation to Plaintiff, Defendant's performance was excused

22  by reason of Plaintiff's own failure of performance and other wrongs.

23

## ELEVENTH AFFIRMATIVE DEFENSE

24

### (Failure of Conditions Precedent)

25      11.      On information and belief, to the extent, if any, that the contractual terms alleged

26  by Plaintiff in the Complaint were contemplated, the condition(s) precedent to the enforcement of

27  the contract never occurred.

28  / / /

1    **WHEREFORE**, Defendants demand judgment against Plaintiff on his Complaint as

2    follows:

3        1.    That Plaintiff take nothing by his Complaint;

4        2.    That Plaintiff's Complaint be dismissed with prejudice in its entirety;

5        3.    That Defendants be awarded their costs of suit incurred herein;

6        4.    That Defendants be awarded their reasonable attorneys' fees pursuant to Labor

7    Code Section 218.5; and

8        5.    That this Court award such other and further relief as it may deem appropriate and

9    just.

10

11   Dated:  June 25 , 2007

12                                        DLA PIPER US LLP

13

14                                        By

15                                            HOPE ANNE CASE
                                             Attorneys for Defendants
16                                           SUMMIT DESIGN, INC. and
                                             CHARLES HALE

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP          PA\10506487 1                    -4-
  EAST PALO ALTO          365827-1

                                                                    ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East
3  Palo Alto, California 94303. On June 25, 2007, I served the within documents:

4         **Defendant Summit Design, Inc. and Charles Hale's**
                    **Answer to Complaint**
5

6   ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set
       forth below on this date.
7

8   ☒  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at East Palo Alto, California addressed as
       set forth below.
9

10  ☐  by placing the document(s) listed above in a sealed envelope and marked for
       overnight delivery via **UPS OVERNIGHT**, and know that in the ordinary course
11      of business the correspondence described above will be deposited in a box or other
       facility regularly maintained by **UPS OVERNIGHT** or delivered to an authorized
12      courier or driver authorized by **UPS OVERNIGHT** to receive correspondence on
       the same date that it is deposited in the ordinary course of business for collection.
13

      Randall M. Widmann, Esq.
14     2479 E. Bayshore Road
      Suite 703
15     Palo Alto, CA 94303

16     I am readily familiar with the firm's practice of collection and processing correspondence
17  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
18  motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.
19

20     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
21     Executed on June 25, 2007, at East Palo Alto, California.
22
23                                    Stacey M. Teresi
24
25
26
27
28

# EXHIBIT 4

1   JOHN R. SHUMAN (State Bar No. 100236)
    HOPE ANNE CASE (State Bar No. 157089)
2   **DLA PIPER US LLP**
    2000 University Avenue
3   East Palo Alto, CA 94303-2215
    Tel: 650.833.2000
4   Fax: 650.833.2001

5   Attorneys for Defendants
    SUMMIT DESIGN, INC.
6   and CHARLES HALE

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10  EMIL GIRCZYC,                          CASE NO.  107CV084178

11          Plaintiff,                     **NOTICE TO ADVERSE PARTY OF**
                                           **REMOVAL OF CIVIL ACTION TO THE**
12      v.                                 **UNITED STATES DISTRICT COURT**

13  SUMMIT DESIGN, INC. a corporation,
    CHARLES HALE, an individual, DOE
14  ONE through DOE FIFTY, inclusive,      Complaint Filed:  April 18, 2007

15          Defendants.

16

17  **TO PLAINTIFF EMIL GIRCZYC AND HIS ATTORNEY OF RECORD, RANDALL M.**
    **WIDMANN:**
18

19          **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the

20  United States District Court for the Northern District of California, San Jose Division, on June 27,

21  2007.  Attached is a copy of the Notice of Removal, the filing of which effects the removal of this

22  action to the United States District Court.

23  Dated:  June 27 2007                   DLA PIPER US LLP

24

25                                         By
                                              HOPE ANNE CASE
26                                            Attorneys for Defendants
                                              SUMMIT DESIGN, INC. and
27                                            CHARLES HALE

28

EXHIBIT 5

1   JOHN R. SHUMAN (State Bar No. 100236)
    HOPE ANNE CASE (State Bar No. 157089)
2   **DLA PIPER US LLP**
    2000 University Avenue
3   East Palo Alto, CA 94303-2215
    Tel: 650.833.2000
4   Fax: 650.833.2001

5   Attorneys for Defendants
    SUMMIT DESIGN, INC.
6   and CHARLES HALE

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10  EMIL GIRCZYC,                      | CASE NO. 107CV084178

11          Plaintiff,                 | **NOTICE TO SUPERIOR COURT CLERK
                                       | OF REMOVAL OF CIVIL ACTION TO**
12      v.                             | **THE UNITED STATES DISTRICT COURT**

13  SUMMIT DESIGN, INC. a corporation,
    CHARLES HALE, an individual, DOE
14  ONE through DOE FIFTY, inclusive,  | Complaint Filed: April 18, 2007

15          Defendants.

16

17  TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA:

18          Attached hereto is a true and correct copy of the Notice of Removal of the above-entitled

19  action, the original of which was filed with the United States District Court for the Northern

20  District of California, San Jose Division, on June 27, 2007.

21          The filing of said Notice of Removal effects the removal of the above-entitled action from

22  this Court.

23  Dated: June 27, 2007              DLA PIPER US LLP

24

25                                    By _____
                                         HOPE ANNE CASE
26                                       Attorneys for Defendants
                                         SUMMIT DESIGN, INC. and
27                                       CHARLES HALE

28

DLA PIPER US LLP        PA\10506493.1
  EAST PALO ALTO        368827-1                          -1-

                NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303. On June 28, 2007, I served the within documents:

**Notice to Superior Court Clerk of Removal of Civil Action To the United States District Court**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at East Palo Alto, California addressed as set forth below.

☒    by placing the document(s) listed above in a sealed envelope and marked for overnight delivery via **Golden State Overnight**, and know that in the ordinary course of business the correspondence described above will be deposited in a box or other facility regularly maintained by **Golden State Overnight** or delivered to an authorized courier or driver authorized by **Golden State Overnight** to receive correspondence on the same date that it is deposited in the ordinary course of business for collection.

Randall M. Widmann, Esq.  
2479 E. Bayshore Road  
Suite 703  
Palo Alto, CA  94303

Clerk of the Superior Court  
Santa Clara County Superior Court of California  
191 N. First Street  
San Jose, CA 95113

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2007, at East Palo Alto, California.

_Maurene Martin_  
Maurene Martin