J. ROBERT SHUMAN, JR. (State Bar No. 100236)
john.shuman@dlapiper.com
HOPE ANNE CASE (State Bar No. 157089)
hope.case@dlapiper.com
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendants
SUMMIT DESIGN, INC.
and CHARLES HALE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMIL GIRCZYC,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT DESIGN, INC. a corporation, CHARLES HALE, an individual, DOE ONE through DOE FIFTY, inclusive,<br><br>Defendants. | CASE NO. C 07-03372 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        October 1, 2007<br>Time:       2:00 P.M.<br>Courtroom: 5<br>Judge:      Honorable James Ware |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to Federal Rule of Civil Procedure 26(f) and the Northern District Standing Order, and request that the Court adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441(a) and (b). Assignment to the San Jose Division is proper because the state action filed by Plaintiff was pending in the Superior court of Santa Clara County. Plaintiff has served all named defendants in this matter.

PA\10517815.2
365827-1

-1-

2. **Overview of Facts**

Plaintiff, Emil Girczyc, a California resident, was hired by Summit Design, Inc. ("Summit") on December 1, 2004 as President and Chief Executive Officer of Summit. Summit is a Delaware corporation with its United States headquarters in the Commonwealth of Massachusetts. Defendant Charles Hale is Chairman of the Board of Summit and a resident of the State of New York.

On April 18, 2007, Plaintiff filed a complaint in Santa Clara County Superior Court alleging the following claims against Defendant Summit: (1) breach of contract; (2) "bad faith" breach of the implied covenant of good faith and fair dealing; (3) violation of California Labor Code sections 201, 202, 203 and 216; and (4) anticipatory breach of written contract. Additionally, Plaintiff alleged violation of California Labor Code section 216 against Defendant Charles Hale. Defendants answered the complaint, denying its material allegations and raising various affirmative defenses. Thereafter, Defendants removed the case to this Court based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b).

The principal factual allegations in dispute include: (1) whether Plaintiff's employment was terminated by Summit; (2) whether Summit had cause to terminate Plaintiff's employment; (3) whether Plaintiff resigned; (4) whether Plaintiff's position was eliminated; (5) the nature of Plaintiff's duties and his performance thereof; (6) whether Plaintiff is entitled to any severance pay, bonus money, vesting of stock options or continued health benefits, and if so, how much; (7) whether Plaintiff failed to follow the legal directives of the Board of Directors; (8) whether Summit repudiated the retention bonus agreement as alleged; (9) whether Plaintiff was owed any wages when he ceased working for Summit; and, (10) whether Summit is entitled to an offset for sums owed to Summit by Plaintiff, and if so, how much.

3. **Legal Issues**

The principal legal issues in dispute include: (1) whether Plaintiff's allegations suffice to state any viable claim against Defendants or either of them; (2) whether there was a breach of Plaintiff's employment agreement; (3) whether there was a breach of the implied covenant of good faith and fair dealing; (4) whether the payments and benefits claimed by Plaintiff constitute

wages within the meaning of California Labor Code Sections 201, 202, 203 and 216; (5) whether California Labor Code Section 216 provides Plaintiff with a private right of action; (6) whether Plaintiff is entitled to any compensatory, punitive damages or statutory penalties; (7) whether, if any failure to pay wages occurred, such failure was willful. *See* Cal. Admin. Code tit. 8, § 13520; and, (8) whether Plaintiff has stated any facts or claim giving rise to the right to seek punitive damages.

**4.    Motions**

No motions have been brought or are pending at this time. Plaintiff and Defendants each anticipate bringing a motion for summary judgment.

**5.    Amendment of Pleadings**

No amendments are anticipated at this time. The parties propose a deadline of May 15, 2008 for amending the pleadings.

**6.    Evidence Preservation**

The parties agree to preserve all evidence relevant to the issues reasonably evident in this action, including, but not limited to, such writings and recordings as defined by Federal Rule of Evidence 1001(1). Defendants have requested the preservation and return of electronic files and equipment retained by Plaintiff that may contain relevant evidence.

**7.    Disclosures**

The parties' initial disclosures will be made concurrently with the filing of this Joint Statement. The parties have met and conferred regarding their Federal Rule of Civil Procedure 26 disclosure and discovery obligations.

**8.    Discovery**

Discovery has not yet commenced. The parties anticipate taking depositions and exchanging written discovery requests. The parties have met and conferred regarding their Federal Rule of Civil Procedure 26 disclosure and discovery obligations. The parties have agreed upon a limit of seven depositions per side. The parties do not request any other modifications to the discovery rules at this time. Proposed dates concerning discovery are included in the scheduling section below.

9.  **Class Actions**

This action is not a class action.

10. **Related Cases**

At this time there are no known related cases or proceedings.

11. **Relief**

Plaintiff's complaint requests compensatory, general and special damages, punitive damages, statutory penalties, attorneys' fees and interest. In the event Plaintiff is awarded any amount in this action, Defendant Summit seeks an offset for sums owed to Summit by Plaintiff. Defendants also seek their attorneys' fees and costs under Labor Code section 218.5.

12. **Settlement and ADR**

The parties have agreed to attend a settlement conference with a magistrate judge. The parties anticipate that the settlement conference will occur within 120 days of the entry of the Case Management Order.

13. **Consent to Magistrate Judge for all Purposes**

The parties have not consented to a magistrate judge for all purposes, and, accordingly, the case has been re-assigned to a United States District Judge. However, the parties do consent to having a magistrate judge conduct any proceedings regarding discovery or disclosure, as provided in the Court's Standing Order Regarding Case Management in Civil Cases.

14. **Other References**

The parties do not believe that other references are necessary at this time.

15. **Narrowing of Issues**

The parties will consider potential means of narrowing the issues after further development of the case.

16. **Expedited Schedule**

The parties do not at this time foresee a need for an expedited schedule.

17. **Scheduling**

The parties propose the following dates:

    Regular Discovery Cutoff      April 30, 2008

PA\10517815.2
365827-1

-4-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

| Expert Disclosure Deadline | May 30, 2008 |
|---|---|
| Expert Discovery Cutoff | June 30, 2008 |
| Deadline for hearing dispositive motions | July 14, 2008 |
| Pre-Trial Conference Date | July 28, 2008 |
| Trial Date | August 25, 2008 |

**18. Trial**

Plaintiff has requested a jury trial. The parties anticipated a trial length of five days.

**19. Disclosure of Non-Party Interested Entities or Persons**

In their Notice of Removal, Defendants made a certification pursuant to Civil Local Rule 3-16 that Defendants had no interest identified in Civil Local Rule 3-16 to report. Plaintiff certifies that he has no interest identified in Civil Local Rule 3-16 to report.

Dated: September 25, 2007

DLA PIPER US LLP

By _____
HOPE ANNE CASE
Attorneys for Defendants
SUMMIT DESIGN, INC. and
CHARLES HALE

Dated: September __, 2007

LAW OFFICES OF RANDALL M. WIDMANN

By _____
RANDALL M. WIDMANN
Attorneys for Plaintiff
EMIL GIRCZYC

**CASE MANAGEMENT ORDER**

The Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____

_____
THE HONORABLE JAMES WARE
United States District Court Judge

PA\10517815.2
365827-1

-5-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER